## UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Case No.: 1:18-cv-01594-MSK

DONNA WEATHERBY
LIAN TANG, and
KAREN JUDD,

individually and on behalf of all others similarly situated

Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC. and
TOTAL RENAL CARE INC.,

Defendants.

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants, DaVita Healthcare Partners, Inc. and Total Renal Care, Inc., (collectively "Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move to dismiss the Complaint of Plaintiffs Donna Weatherby, Lian Tang, and Karen Judd ("Plaintiffs") for the reasons set forth below.

### I. FACTS

If the Court is feeling déjà vu from this lawsuit, it is not alone. This is the second time the *same* attorneys have filed the *same* claims by the *same* plaintiffs against the *same* defendants. The first lawsuit was filed on November 16, 2017, U.S. District of Colorado Case No. 17-cv-02749,

*Coleman et al v. DaVita Healthcare Partners, Inc. and Total Renal Care* ("*Weatherby 2017*")[1]. Plaintiffs filed *Weatherby 2017* individually and on behalf of all other similarly situated, alleging the same violations of the FLSA that they allege here – that they were not compensated overtime pay for hours that they worked in excess of 40 per week **Exhibit A**, *Weatherby 2017 Dkt. 1*. On February 13, 2018, Defendants filed a motion to dismiss Plaintiffs' complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) **Exhibit B**, *Weatherby 2017,* Dkt. 25. Plaintiffs amended their complaint but still failed to state a claim. **Exhibit C**, *Weatherby 2017,* Dkt. 27. Accordingly, Defendants filed another motion to dismiss the amended complaint. **Exhibit D**, *Weatherby 2017,* Dkt. 33.  On June 22, 2018, this Court granted Defendants motion to dismiss the amended complaint. **Exhibit E**, *Weatherby 2017* Dkt. 41 (the "Order"). This Court's Order specifically stated the Plaintiffs' complaint was "DISMISSED and the Clerk of the Court [would] close those cases." *Id.*

Just three days later, on June 25, 2018, three of the same Plaintiffs filed yet another complaint to initiate this lawsuit. [Dkt. 1] In their latest Complaint, Plaintiffs again filed individually and on behalf of others similarly situated, again alleging violations of the Fair Labor Standard Act for failure to compensate employees overtime pay for hours that they worked in excess of 40 per week. (Referred to herein as "*Sullivan 2018*").  Specifically, Plaintiffs allege that

> Defendants violated [the FLSA] when they knew that Plaintiffs . . . were working outside of their scheduled shift before their shift, after their shift, during their lunch breaks, and travel time off the clock, but failed to pay Plaintiffs . . . overtime for all hours worked over 40 hours in a workweek. [Complaint ¶ 84].

---

[1] The named Plaintiffs in the 2017 action included Barbara Coleman, Laura Stewart, Lian Lang, Donna Weatherby, Gale Lee and Karen Judd. *See* Exhibit A.

As discussed in more detail below, *Weatherby 2018* is barred by the doctrine of *res judicata* or claim preclusion, as that claim has already been dismissed on the merits pursuant to a final judgment rendered by this Court. Exhibit E.[2]

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal is required when, as here, a complaint reflects a legal bar to relief. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1980). When deciding a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). A complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (10th Cir. 2007) (emphasis in original). Generally, a court evaluating a complaint tested by a motion to dismiss may only consider the complaint and any documents attached to it as exhibits. *Erickson*, 127 S. Ct. at 2200. However, facts subject to

---

[2] Defendants understand this Court's requirement to confer regarding 12(b) motions if the defect in the Complaint is correctable. This requirement does not apply as the defect addressed in the instant motion is not correctable. *See* Civ. Practice Standard 7.6.1.

3

judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. *Tal v. Hogan,* 453 F.3d 1244 n.24 (10th Cir. 2006).

### III.   ARGUMENT

I.   Burden of Proof

*Res judicata/*claim preclusion is an affirmative defense on which Defendants have the burden of proof.  *See* Fed. R. Civ. P. 8(c); *Nwosun v. Gen. Mills Rests.,* 124 F.3d 1255, 1257 (10th Cir. 1997).

II.   Elements

Plaintiffs' claims are barred because the doctrine of *res judicata*/claim preclusion prohibits them from re-litigating claims they previously litigated or had the opportunity to litigate in *Weatherby 2017*:

> The doctrine of *res judicata* prohibits a party from asserting in a second lawsuit any other matter that might have been asserted in the first lawsuit. *Prospero Assocs. V. Burroughs Corp.,* 714 F.2d 1022, 1025 (10th Cir. 1983).  In order for the doctrine to apply, three elements must be present: (1) the first suit must have proceeded to a final judgment on the merits; (2) the parties must be identical or in privity; and (3) the suits must be based on the same cause of action.

*Clark v. Haas Grp., Inc.,* 953 F.2d 1235, 1236 (10th Cir. 1992).

III.   All Elements of *Res Judicata* Are Met in this Case

Here, all three elements are met.  There was a final judgment in *Weatherby 2017,* the parties in *Weatherby 2018* are the same parties from *Weatherby 2017* , and the causes of action in *Weatherby 2017* and *Weatherby 2018* are identical.

   A.  This Court Reached a Final Judgement on the Merits in *Sullivan* 2017

As noted above, this Court dismissed *Weatherby* 2017 for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because Plaintiffs failed to plead specific facts that led to an inference of a FLSA violation (even after their second attempt). Exhibit E.  The Order did not state the dismissal

was other than on the merits or with prejudice. *See id.* As such, the dismissal constituted adjudication on the merits and with prejudice.

First, "it is well-settled that a dismissal for failure to state a claim under Rule 12(b)(6)—which speaks to the legal insufficiency of the claim at issue—is an adjudication on the merits." Pursuant to Fed. R. Civ. P. 41(b), "unless a dismissal order states otherwise, any dismissal… other than one for lack of jurisdiction…operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). *See also Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 640 (10th Cir. 2014); *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (internal quotation marks omitted)); *McLean v. United States,* 566 F.3d 391, 396 (4th Cir. 2009) ("Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be . . . a judgment on the merits . . . ."). Furthermore, "[d]ismissals for failure to state a claim are presumptively with prejudice because they fully dispose of the case." *Stan Lee Media, Inc. v. Walt Disney Co*., 774 F.3d 1292, 1299 (10th Cir. 2014); *Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1219 (10th Cir. 2006) (same).

Accordingly, *Weatherby 2017*'s dismissal for failure state a claim under Rule 12(b)(6), operates as a dismissal on the merits because this court fully disposed of the case.

B. *Weatherby 2018* Involves the Exact Same Parties as *Weatherby 2017*

*Weatherby* 2017 involved the exact same parties as *Weatherby* 2018. As directly stated on the *Weatherby* 2017 action filed on November 16, 2017, Donna Weatherby, Lian Tang, and Karen Judd were three of the six named Plaintiffs. Exhibit A. Likewise, the *Weatherby 2018* action filed on June 25, 2018 names only Donna Weatherby, Lian Tang, and Karen Judd as the Plaintiffs. [Dkt. 1].

Additionally, both actions name DaVita Healthcare Partners, Inc. and Total Renal Car Inc. as the only defendants. Exhibit A and [Dkt. 1]. Undeniably, *Weatherby 2017* and *Weatherby 2018* involved the exact same parties.

C. The Claim for Relief *in Weatherby 2018* is Identical the Claim for Relief in *Weatherby 2017*

In determining whether suits are based on the same cause of action, the Tenth Circuit applies the transactional approach. *See Petromanagement Corp. v. Acme-Thomas Joint Venture,* 835 F.2d 1329 (10th Cir. 1988); *Yapp v. Excel Corp.,* 186 F.3d 1222, 1227 (10th Cir. 1999) (citing Restatement (Second) of Judgments § 24 (1982)). "Under [the transactional] approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." *Nwosun v. Gen. Mills Rest., Inc.,* 124 F.3d 1255, 1257 (10th Cir. 1997). The Tenth Circuit has repeatedly held that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Wilkes v. Wyo. Dep't of Empl. Div. of Labor Stds.,* 314 F.3d 501, 504 (10th Cir. 2002) (citing *Mitchell v. City of Moore,* 218 F.3d 1190, 1202 (10th Cir. 2000); *Clark v. Haas Grp., Inc.,* 953 F.2d 1235, 1239 (10th Cir. 1992) (holding plaintiff's second suit was barred by claim preclusion because "the 'claims' in each case were predicated on [plaintiff's] employment"); *Yapp v. Excel Corp.,* 186 F.3d 1222, 1228 (10th Cir. 1999) (stating "the court in *Clark* eliminated all ambiguity in the meaning of transaction' in this factual context: it stated that 'the 'transaction' was Clark's employment")). Here, it is undisputable that the claims in *Weatherby 2017* and *Weatherby 2018* arise out of Plaintiffs' employment relationship with Defendants. Not only that, but the two lawsuits allege identical violations of the FLSA based on the exact same employee-employer relationship and the same alleged "unlawful policy."

Additionally, the specific language asserting FLSA violations are nearly identical between the two actions. Paragraph 52 of Plaintiffs' Complaint in *Weatherby 2017* states: "Plaintiffs individually and behalf of other similarly situated employees seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to pay for all hours worked including overtime compensation." Exhibit C, ¶ 47. Paragraph 73 of the *Weatherby 2018* Complaint states "As a matter of uniform policy, Defendants' failed and refused to pay Plaintiffs… for their work in excess of 40 hours per work week. In doing so Defendants failed to pay Plaintiffs…overtime wages for their work performed off the clock in excess of their 40 hour work week." [Dkt. 1, ¶ 73]. Additionally both complaints claim that Plaintiffs and opt-in plaintiffs are entitled to recover unpaid overtime wages…pursuant to 29 U.S.C. §216(b). *See* Exhibit C, ¶ 91 and [Dkt. 1, ¶ 86]. While *Weatherby 2017* contained additional claims for relief, the one claim for relief raised in *Weatherby 2018* is identical to at least one of the claims asserted in *Weatherby 2017*. Exhibit C.

As summarized by the Court's Order in *Weatherby 2017*, granting Defendants' motion to dismiss *Weatherby* 2017, "[Plaintiffs] generally allege that they were not compensated with premium overtime pay for hours that they worked in excess of 40 per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*." Exhibit E.  Plaintiffs allege in *Weatherby 2018* that Defendants violated [the FLSA] when they knew that Plaintiffs . . . were working outside of their scheduled shift before their shift, after their shift, during their lunch breaks, and travel time off the clock, but *failed to pay Plaintiffs . . . overtime for all hours worked over 40 hours in a workweek*. [Dkt. 1 ¶ 84].

After this Court issued its order in *Weatherby 2017,* Plaintiffs' proper mechanism for challenging the ruling was to appeal the final judgment on the merits pursuant to Fed. R. App. P.

4(a). They failed to do so. Plaintiffs' attempt to circumvent that procedure by filing a new lawsuit instead is contrary to well-established law discussed above.

*Weatherby 2017* and *Weatherby 2018* involve identical claims. Because this Court has already issued a final judgment on the merits of Plaintiffs' FLSA claim for failure to pay premium overtime wage for hours that they worked in excess of 40 per week, the requirements of *res judicata* have been satisfied and Plaintiffs are precluded from re-litigating the very same issue. Accordingly, Plaintiffs' Complaint must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted. Plaintiffs' claims should be dismissed with prejudice and this Court should grant such other relief as it deems just and proper.

Dated:  August, 2018.

Respectfully submitted,

JACKSON LEWIS P.C.

*s/ Veronica von Grabow*
Veronica von Grabow
Melisa H. Panagakos
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5575
Veronica.vonGrabow@jacksonlewis.com
Melisa.Panagakos@jacksonlewis.com

Dorothy D. McDermott
10 West Market Street, Suite 2400
Indianapolis, IN 46204
Telephone: (317) 489-6930
Facsimile: (317) 489-6931
Dorothy.McDermott@jacksonlewis.com

9

        Stephanie Adler-Paindiris
        390 N. Orange Avenue, Suite 1285
        Orlando, FL 32801
        Telephone: (407) 246-8440
        Facsimile: (407) 246-8441
        Stephanie.Adler-Paindiris@jacksonlewis.com

        *ATTORNEYS FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 31st day of August, 2018, a true and correct copy of **DEFENDANTS' MOTION TO DISMISS COMPLAINT** was served via CM/ECF on the following:

RAMOS LAW

Colleen T. Calandra
Darren Natvig
3000 Youngfield Street
Wheat Ridge, CO 80215
colleen@ramoslaw.com
darren@ramoslaw.com

WILCOX LAW FIRM, LLC

Ronald L. Wilcox
383 Corona Street, #401
Denver, CO 80218
ron@wilcox.legal

*ATTORNEYS FOR PLAINTIFFS*

*s/ Valerie A. Martinez*
for Jackson Lewis P.C.